Good morning, Your Honors. My name is David Kenner. I represent Appellant Odachyan, and I'd ask the Court if I could reserve three minutes for rebuttal. Could you please keep your voice up also? Your Honors, let me also start by indicating that I believe that the combination of the way the loss calculation was done, the way the minimal roll adjustment was denied, and the way in which the government recommended the low end of the sentencing guidelines cumulatively demand that the plea in this case be remanded back for resentencing. Your Honors, I want to start with, if I might, the loss calculation. The guideline indicates, the sentencing guideline indicates that the Court can use the higher of the intended loss or the actual loss. However, when you look at the case law, the case law expands upon that and says, essentially, that if the Court is going to rely on the intended loss, then there has to be a hearing by which the district court makes a determination of what the defendant's intent was. Counsel, how did your client not waive this challenge to the loss amount by the terms of the plea agreement? I don't believe that the plea agreement prohibits him from challenging what the loss amount is. When it's the intended loss that is used by the Court and where there is no determination by the Court of the defendant's intent, what the Court says is this scheme intended, apparently. I'm not hearing an answer to the question. You're presenting your argument with regard to the loss calculation, but the precedent question, the threshold question is, do you get to talk about that at all? Why is the sentence on the table in light of the appeal waiver? Because I believe that the appeal waiver requires that the sentence be constitutional. And I think where there is a factor which directly determines or has to do with the length of time in custody, that raises a constitutional question. So you're, in effect, arguing that no appeal waiver can ever be effective as to a sentence challenge because it affects the term in custody? Any authority to support that proposition? Where it affects the time in custody, Your Honor, for... That's what a sentence is. It's time in custody. So I think my question is appropriate. Is there any authority to support the proposition that a sentencing challenge is inherently unreachable by an appeal waiver, that you're always allowed to bring a sentencing challenge? I believe the Booker case provides for a determination of, or a resentencing where there is a miscalculated way of arriving at the length of time of the sentence. There have been literally hundreds of opinions by this Court discussing appeal waivers in sentencing cases. Do any of those opinions by this Court support the proposition you're arguing that an appeal waiver can't be effective as to a sentencing challenge? I believe there are cases in which an appeal waiver can be defeated by certain circumstances, which I think are present here. Is there a more specific answer to my question? Because I've got to tell you, that answer isn't very satisfactory to me. I understand your position, Your Honor. It is still my position that constitutionality of a sentence, and I understand the specifics that you're talking about, but what we're dealing with here is an individual who had a guideline range of, I believe, two months. So what constitutional provision is this a violation of? The lack of the Court's making a finding with respect to this particular defendant's intent to use an actual loss or a proposed loss or intended loss calculation. I don't think the Court ever made that finding. Okay. I understand that that is the violation, that is the activity of the Court that you're claiming is a constitutional violation. And so my specific question is, what constitutional provision was violated by that conduct by the district court? The right to have a hearing where you're using intended loss as to what the intent of the defendant, about whom that's being applied. Is that Sixth Amendment, Fifth Amendment? What are we looking at? What's due process? What constitutional provision are you? A lack of due process. Due process. Yes. I believe it is a lack of due process to use intended loss without having a hearing in which you establish what the defendant's intent was. And that didn't happen here. What the Court did was to take evidence from the probation report about what the billings were. In this case, they were substantially higher than the actual loss of $604,000. There's a process. There is no evidence here that the defendant even understood or knew what the loss would be under either calculation. So how do we come to the conclusion that the Court can make a finding that he intended a loss to be something without having a hearing on his intent? In fact, I believe that the underlying basis of this plea establishes that Odashian was the only defendant that had no experience in the Medicare field or in the medical field. We have two co-defendants here, which both have experience in the medical field and in distributing Medicare products and in billing for them. Sir, was this loss amount used in calculating the sentencing guideline range? Yes, Your Honor. Okay. So how was that not part of the manner in which the sentence is determined? It is part of the way it's determined, but I believe it was a part that was unconstitutional. There was never a finding about the issue that was before the Court, which is what was this defendant's loss based on what he intended the loss to be. The evidence in this case is he knew nothing about the billing. He didn't know what it was being billed for. Can you point to any authority for us that would suggest that this loss calculation issue rises to a constitutional challenge level? Has any court held that? Your Honor, I do not have that currently, but if I could submit a supplemental brief in five days, I will. No, that's okay. Thank you. In any event, if we were to get past that issue, the other issue that I have is the government agreed to recommend the low end of the sentencing guidelines, which started off to be 31. There is a criminal history point for a misdemeanor and then two more because the defendant was on probation and it was a probation violation, which the guidelines allow for there to be an additional enhancement as to criminal history category. But the issue is I do not find in these transcripts a serious recommendation by the government to go to the low end of the sentencing guidelines, which would be 31 months. It's the government's position that the Court used a ---- I'm looking at the table of contents for your brief and I don't find this argument. Have you raised this argument before us? No, I haven't, Your Honor. Okay. Thank you. May it please the Court, good morning, Your Honors. Nominee Sartorius for the United States. As this Court has recognized on numerous occasions and has indicated by the questions, the government's position is that this appeal is waived pursuant to a valid appellate waiver contained in the plea agreement. The language of the plea agreement expressly encompasses the rights that defendant is now appealing on, which goes to the advisory guideline calculations as set forth in his appellate brief and the term imposed. The plea agreement has some, under some circumstances one might appeal in this, under the plea agreement, but those circumstances are not present here and the government's position is that this appeal should be dismissed and that the valid plea agreement and the appellate waiver within it should be affirmed. If the Court doesn't have any other questions, the government will submit on the papers. I want you to tell me what relevance the judge's remarks about how amazed he is about people who come to this country and then commit crimes. What does that have to do and treat the government treasury as a personal piggy bank? What does that have to do with the sentencing of this individual? Your Honor, the government's position is that it did not impact the Court's decision in this case. My question was, what is the relevance of that statement by the Court to this man's sentencing? In this case, the defendant included in his sentencing position papers some information about his immigration status as a, seemingly as a factor in mitigation. And when you look at the district court's comment in that case, he expresses a frustration. He first discusses that this is a case that involves the Medicare program, which is designed to assist this country's most vulnerable people, and then expresses frustration that it would be, that an immigration status would be offered up as a mitigating factor in this case. So this is an expression of the district judge's personal frustration with a general problem? Yes, Your Honor. And do you think that general frustration suffered by this judge would make him the kind of judge who should not decide this issue? No, Your Honor. This case, at the time that the district court made that statement, nobody objected. Defense counsel did not object. No, I didn't ask whether anyone objected. I asked whether this was the kind of personal frustration that should disqualify him from presiding over this case. Your Honor, no. This district court conducted a lengthy sentencing hearing, two sentencing hearings. No, no. I didn't ask whether he procedurally was correct, whether he had enough hearings. I asked you whether his expression of his personal frustrations and the existence of those frustrations that were personal to him should have required him to recuse himself. No, no, Your Honor. In this case, the district court's comment wasn't a fully gratuitous comment. The defendant did put forth evidence of his immigration status and argued it as a mitigating factor. So the district court was – it was appropriate for the district court to address the issue of whether or not that would be an appropriate mitigating factor. And in declining to do so, it does not make him so impartial or biased as to be an inappropriate judge to sentence immigrants. His personal frustration over the conduct of foreigners who come to this country – I guess I started asking you whether it was appropriate. But you said yes because he had a personal frustration with these kinds of people. And so my next question was, if he has a personal frustration about the conduct of these people who come to this country to benefit – and treat it as their own piggy bank, whether that isn't the kind of personal frustration that should disqualify him from presiding over the cases of people who frustrate him. I think that – Well, let me tell you, I don't expect you to say yes. I'm shocked. Okay. Well, we've probably had enough of a discussion about this. It might have been more beneficial to have that discussion with Judge Wright, but that's not a remedy available. Yes, Your Honor. And if the government had – if Judge Wright's – if during the course of the proceedings it was a lengthy – as I mentioned, he had a lengthy evidentiary hearing where he did take evidence on the loss amount, heard testimony, reviewed documents, then continued the hearing at defense counsel's request to provide defense an additional opportunity to address the evidence presented by the government in support of its loss calculations. Nowhere throughout the proceedings did anybody, including the government or defense counsel, find that – or that Judge Wright was acting improperly or an objection would have been drawn by defense counsel or the government. It was simply the – I imagine defense counsel wasn't eager to draw more attention to the subject. That might be the case. But in any event, if the issue had been raised before the district court, if there was a concern and it had been raised before the district court, Judge Wright would have had an opportunity to explain further what he meant. But on the record here, it is clear that the district court conducted a thorough analysis of the matter, conducted a thorough sentencing hearing, gave the parties ample opportunity to present argument and evidence before the district court, and then detailed thoroughly his reasons for the sentence that he imposed. And among those reasons, it was – the district court did not list defendant's immigration status as an aggravating factor in any way  Counsel, I have one more question. Can a criminal defendant waive a judicial bias challenge by plea agreement? Your Honor, I don't think so. If the bias is a – I don't think in a real – if it would raise to a level of an unconstitutional proceeding, then that's not waived by this appellate waiver. So if the district court's actually biased and it invades the proceedings and that – and it rose to the level of a constitutional issue, then it would have not been covered by the appellate waiver. Thank you. Thank you. Thank you, Counsel. When I sat down, I wondered why I reserved the three minutes, but now I'm glad that I did. And the reason that I'm glad that I did is because Justice Reinhart has hit on something that I think is extremely important. What's important is to follow up – Let me just tell you, you didn't save three minutes, but we'll give you a minute and a half, which will – Okay. I can do this very quickly. Your Honor, the sentencing guidelines according to the probation department were 33 to 41 months. At the time, the government argues that the 51-month custodial sentence was an upward variance from the advisory sentencing guideline of 33 to 41 months. In footnote 1 on page 8 of our brief, it says, As set forth in appellant's opening brief at page 29, the district court stated at the June 20, 2011 sentencing hearing, quote, just so everyone knows, I am considering the high end of that range. All right. Then the court continued. With that being said, Mr. Kessel, go right ahead and let me briefly explain why, aside from the obvious reasons and the facts we're talking about, an awful lot of money – your honors are familiar with what the actual comment is. Counsel, didn't your client waive any right to challenge a sentence within or below a level 21? Not one that's given out on an unconstitutional basis. And here the unconstitutionality is the judge starts off by saying I have this kind of bias against – although he uses the word I find it curious – against people who come from another country and commit crimes for their own piggy bank here in the United States, then says I'm inclined to go to the high end of the guidelines, which he didn't do. He went above the high end of the guidelines and then has a hearing after announcing his intention. So when he says he's got this bias and says I'm going to go to the top, but go ahead, defense counsel, try to talk me out of it, and then doesn't go even to the high end of the applicable sentencing ranges established by the probation department, but goes from the government's recommendation supposedly of 33 months, which would have been the low end, to 51 months, which is 10 months higher than the high end of the applicable sentencing range. You put those three facts together and I don't think the Court can rule out the fact that this – the animus of this judge for this category or class of defendants was such that it impacted his ability to be fair and impartial, having announced from the beginning before hearing the facts, I can swatch it all along, I'm going to go to the high end here, and he didn't do that. He went higher than the high end. So I think that does demonstrate, and I think that does, as counsel just said, well, if there was actual bias, that might be constitutional. I submit the combination of the Court's comment, the sentencing range, the government's failure to effectively do anything other than say the government recommends the low end, and then proceed to argue against it, but you're talking to a judge who's made it clear on the record before the hearing starts, after commenting about this class of people, that he's going to start at the high end, or that he's going to sentence at the high end. So I think that rises to the level of a constitutional violation. All right. Thank you, counsel. Thank you, Your Honor. This argument will be submitted.
judges: Dorsey, Reinhardt, Clifton